Mr. Justice Noll
delivered the opinion of the court:
There is no statute perhaps which has given rise to more nice and subtle distinctions than those which have arisen upon the construction of the statute of frauds. Two things however appear to be very well settled :
1st. That to make a person liable upon a promise to pay the debts of another, that promise must be founded upon some consideration, and,
2d. That it must be in writing.
Some-..consideration was necessary for the support of *210 every contract at common law ; and it was not the intention of the statute to alter the common law in that respect? but to superadd another requisite; to-wit, that the promise should be in writing.
- But it is contended in this case, that the discontinuance of the attachment, and giving time to the defendant, con- ■ stituted a new consideration, moving from 'the plaintiff to the defendant, which made this an origin.d undertaking, ; that need not be in writing. Such a construction, it appears to me, would almost amount to a repeal of the sta- , tute. A promise to pay the debt of a third person, was ■ not good at common law, unless it had been on some eon- „• siderauon. And if the circumstance of the promise hav- - ing been founded on a consideration, be sufficient to take it out of the statute, the law is precisely the same now as it was before the statute was passed ; and one of the most important statutes in our law-books, has, by construction, ’• become a dead letter. In Comyn on Contracts, 55, it is said, “ if it be a part of the agreement that the original debt be discharged, that is a sufficient consideration to support the undertaking of another to pay the debt, and the agreement need not be in writing.” The reason appears to be obvious. The original debt being extinguished, it is no longer an undertaking to pay the debt of another, because there is no such debt existing, but it is a newly created debt of the undertake).'. “ But if no such stipulation be,made, and the original debt be permitted to Subsist, the undertaking is merely collateral, and the agreement must be in writing.” There was no evidence in this case that the original debt was discharged. The. note was not given up, nor the relative situation of the' parties in any manner changed. It is also further laid down in the same author, that “ when nothing more is stipulated for, than indulgence to the debtor, or that an. action which has be en commenced shall be stayed, the undertaking to pay the debt of a third person is within the statute ; for the original debt still continues, and the undertaking is but collateral.” (1 Comyn on Contracts, *211 -oO.J That seems to be the veiy case before us. The consideration, and the only consideration laid in the declaration, is the staying of the attachment. So where a creditor discharges a lien, on which he has the goods of his debtor, where a person promises to pay the debt of 'another on the faith of funds in his possession, it is considered an original undertaking — the goods in such case are the fund, and the person becomes liable in consideration of that security. (Williams vs. Lesser. Do. 61. 3 Burr. 1886. 3 Wils. 308,) and that is consistent with .our own decisions on the subject. In the case of Thomas McCray ads. Jno. Madden, (1 McCord, 487.) Mr. ^■Justice Gantt, who delivered the opinion of the court, observes, “ whether the promise made in this ease is to be considered as a collateral one, and void by the statute of frauds, will depend upon the fact of the defendant having •effects in his hands at the time of the promise to pay the debt due by this note from the. absent debtor to the plaintiff.” In that ease, the defendant had said, that “ if the plaintiff would not take out an attachment, hut would wait until the next Fall, he would pay the amount due by the note, as he had effects in his hands for that purpose.” The case of Atkinson vs. Barfield, was decided upon the same principle. The plaintiff had levied an attachment upon a horse ; the defendant promised that if he would give up the horse, he would pay the debt. (1 McCord, 575.) This case is therefore clearly within the statute, and the promise void. Indeed, there was no consideration even to support an original undertaking. The attachment was for eighty.-seven dollars ; it ivas directed to one Jones, a constable, or to any other constable. Now our act expressly declares, that an attachment for that amount shall be directed to the sheriff. A constable is not authorised to serve an attachment for any sum above twenty pounds ; neither could a domestic attachment as this was, be levied on land. The attachment, therefore, in its creation, was void, and the service would have been void, the attachment had been gopd. The plaintiff therefore *212 had no lien ; he had not even commenced an action — the, whole proceeding was illegal and void, and did not furnish a sufficient consideration to support a contract.
O’Neal 4* Johnson, for the motion.
Bausleett 4’ Dunlap, contra-
The motion for a non-suit must therefore be granted.
Justices Huger, Johnson and Colcock, concurred,